IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANNON J. HAKEEM,

      Plaintiff,

vs.                                          No. CIV 19-1026 JB\LF

SYLVIA LAMAR,

      Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on the Defendant's, the Honorable Sylvia Lamar, New Mexico District Judge, Rule 12 Motion to Dismiss, filed April 27, 2020 (Doc. 21)("Motion to Dismiss"). Plaintiff Shannon Hakeem appears pro se. The primary issue is whether the Complaint states a claim on which relief may be granted. The Court grants Judge Lamar's Motion to Dismiss and dismisses this case without prejudice for failure to state a claim on which relief can be granted.

**PROCEDURAL BACKGROUND**

Hakeem is a party to a child-custody case in state court over which Judge Lamar presides. See Plaintiff's Amended Civil Rights Complaint to Show Cause for Reconsideration of Defendants Order Denying Voluntary Recusal at 1, filed December 9, 2019 (Doc. 8)("Complaint"). Hakeem prays this court to enter its order to grant the following;

      A.     Peremptory change of judge under _NMRA Rule 1 088.1._ and _N.M. Stat. Ann. §38-3-9_.

**(OR)**

      B.     Disqualification based on New Mexico's Code of Judicial Conduct, Rule 21-4003 of which indicates, in pertinent part, that a New Mexico judge should

recuse whenever her impartiality might reasonably be questioned, including when she has a personal bias concerning a party and; The deprivation of any rights, civil, political, the circumstances attending and the cause of deprivation determining the fact under; *U.S. V. Lovett*, 66 S. Ct. 1073, 1083, (1946)

       C.     An injunction in the defendant's previous rulings that amends revoking petitioners custodial rights and permitting equal time-sharing of the children.

       D.     Any other relief the courts just or fit.

Complaint at 21.

Judge Lamar asks the Court to dismiss the amended complaint and states: "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Motion to Dismiss at 2 (quoting Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam)).  Judge Lamar also states that Hakeem is not entitled to the injunctive and declaratory relief he seeks, because: (i) 42 U.S.C. § 1983 provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable," 42 U.S.C. § 1983, and the Amended Complaint does not allege that a declaratory decree was violated or that declaratory relief is unavailable, see Motion to Dismiss at 3; and (ii) Hakeem seeks only retrospective declaratory relief, and "retrospective declaratory relief cannot be granted as '[t]he Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past,'" Motion to Dismiss at 5 (quoting Lawrence v. Kuenhold, 271 F. App'x. 763, 766 n.7 (10th Cir. 2008)(unpublished)).

Hakeem did not file a response opposing Judge Lamar's Motion to Dismiss.  The docket shows that the Court mailed two documents to Hakeem on April 27, 2020: (i) Judge Lamar's Motion to Dismiss; and (ii) Plaintiff's Response to Order to Show Cause, filed April 27, 2020

(Doc. 22)("Hakeem's Response").  <u>See</u> Mail Returned as Undeliverable at 1, filed May 11, 2020 (Doc. 23).  The United States Postal Service returned the copy of Hakeem's Response to the Court on May 11, 2020, as undeliverable with the following statement written on the envelope: "Return to Sender, Not at this address."  Mail Returned as Undeliverable at 1.  The United States Postal Service has not returned the copy of Judge Lamar's Motion to Dismiss that the Court mailed to Hakeem.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [ the plaintiff] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  <u>Hall v. Bellmon</u>, 935 F.2d at 1110.  The Court will not, however, "assume the role of advocate for the pro se litigant."  <u>Hall v. Bellmon</u>, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  <u>Ogden v. San Juan Cty.</u>, 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM

The Court has discretion to dismiss an in-forma-pauperis complaint sua sponte for failure to state a claim upon which relief may be granted under either rule 12(b)(6) of the Federal Rules of Civil Procedure or  28 U.S.C. § 1915(e)(2)(B).  Under rule 12(b)(6), the court must accept all well-pled factual allegations but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>Dunn v. White</u>,

880 F.2d 1188, 1190 (10th Cir. 1989).  The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d at 1109 (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d at 365).  A plaintiff must allege "enough facts to state a claim to relief  that is plausible on  its face." Bell Atl. Corp. v. Twombly, 550 U.S. at  570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. at 570.

Under § 1915(e)(2)(B), a court may dismiss a complaint at any time if the court determines the  action  fails  to  state  a  claim  for  relief,  or  if  the  action  is  frivolous  or  malicious.   See 28 U.S.C. § 915(e)(2)(B)(2).  The authority  that § 1915 grants allows the court the unusual power to  pierce  the  veil  of  the  complaint's  factual  allegations  and  dismiss  those  claims  whose  factual contentions  are  clearly  baseless.   See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Hall v. Bellmon,  935  F.2d  at  1109.   The  authority  to  "pierce  the  veil  of  the  complaint's  factual allegations" means that a court is not bound, as it usually is when ruling solely on the pleadings, to  accept  without  question  the  truth  of  the  plaintiff's  allegations. See Denton  v. Hernandez, 504 U.S. 25, 32-33  (1992). The  court  is  not  required  to  accept  the  truth  of  the  plaintiff's allegations, but, instead, may go beyond the pleadings and consider any other materials that  the parties file, as well as court proceedings subject to judicial notice. See Denton v. Hernandez, 504 U.S. at 32-33.

When reviewing a pro se complaint, a court liberally construes the factual allegations. See Northington v. Jackson, 973 F.2d at 1520-21.  Given that the same legal standards apply to all litigants, a pro se plaintiff must abide by the Court's applicable rules. See Ogden v. San  Juan Cty., 32 F.3d at 455.   A court is not obligated to craft legal theories for the plaintiff or to supply

factual allegations to support the plaintiff's claims, and the court may not assume the role of advocate for the pro se litigant.  See Hall v. Bellmon, 935 F.2d at 1110.

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).  The complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true  all wellpled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   Ashcroft v. Iqbal, 556 U.S. at 678.   "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550

U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if true, state a claim to relief that is plausible on its face.  See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted).  The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."   The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(citations omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

Although affirmative defenses must generally be pled in the defendant's answer rather than argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions.  First, a defendant can argue an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense, because courts handle these cases differently than other motions to dismiss.  See, e.g., Robbins v. Oklahoma, 519 F.3d at 1247; Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009)).  Second,

the defendant can raise the affirmative defense on a motion to dismiss where the facts establishing the affirmative defense are apparent on the complaint's face.  See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim.  If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.").  A complaint's uncontroverted facts is most likely to establish a statute-of-limitations issue.  See 5 Charles Alan Wright et al., Federal Practice & Procedure: Civil § 1277, at 643 (3d ed. 2004).  If the complaint sets forth dates that appear to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6).  See Rohner v. Union P. R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable-tolling doctrine applies to bring the suit within the statute.  See Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188, 1210 (D.N.M. 2014)(Browning, J.).  The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may merely be argued in response to the motion.  Cf. Kincheloe v. Farmer, 214 F.2d 604, 605 (7th Cir. 1954)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense).  It appears that, from case law in several Courts of Appeals, the plaintiff may avoid this problem altogether -- at least at the motion to dismiss stage -- by refraining from pleading specific or identifiable dates.  See Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006).  Although the Tenth Circuit has not squarely addressed this practice, the Court

has permitted this practice.  See Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d at 1209.

## LAW REGARDING COURT OFFICERS' IMMUNITY

Absolute immunity bars civil rights and state law claims against judicial officers acting in their official judicial capacity.   See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Christensen v. Ward, 916 F.2d 1462, 1473-76 (10th Cir. 1990).  It is well settled that the doctrine of judicial immunity applies to 42 U.S.C. § 1983 actions.  See Van Sickle v. Holloway, 791 F.2d 1431, 1434-35 (10th Cir. 1986).  Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion.  See Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006).  The Supreme Court of the United States of America has recognized absolute immunity for officials whose special functions or constitutional status require complete protection from suit.  See Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982).  The purpose of absolute judicial immunity is:

> to benefit the public, "whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554 (1967).  The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus."  Butz v. Economou, 438 U.S. 478, 512 (1978) . . . .  Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.

Van Sickle v. Holloway, 791 F.2d at 1434-35.

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

> proceeding for redress, except that in any action brought against a judicial officer
> for an act or omission taken in such officer's judicial capacity, injunctive relief shall
> not be granted unless a declaratory decree was violated or declaratory relief was
> unavailable[.]

42 U.S.C. § 1983.  Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution of the United States of America or from a federal statute.  See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights[.]'" (second alteration added by Nelson v. Geringer)(quoting Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998))).  Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights.  To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal
> Constitution or created by federal statute or regulation, (2) proximately caused (3)
> by the conduct of a 'person' (4) who acted under color of any statute, ordinance,
> regulation, custom[,] or usage, of any State or Territory or the District of
> Columbia."

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F.Supp.2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(second alteration in original)(quoting Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court has clarified that, when alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft

v. Iqbal, 556 U.S. at 676.  Consequently, there is no respondeat superior liability under § 1983.

See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens*[1] and

§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's

own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S.

397, 403 (1997).  Entities cannot be held liable solely on the basis of the existence of an employer-

employee relationship with an alleged tortfeasor.  See Monell v. Dep't of Soc. Servs. of City of

N.Y., 436 U.S. 658, 689 (1978).  Supervisors can be held liable only for their own unconstitutional

or illegal policies, and not for their employees' tortious acts.  See Barney v. Pulsipher, 143 F.3d

1299, 1307-08 (10th Cir. 1998).

## ANALYSIS

Having carefully reviewed the Complaint, and the relevant law, the Court will: (i) grant

Judge Lamar's Motion to Dismiss; and (ii) dismiss this case for failure to state a claim upon which

relief can be granted.  Hakeem brings this action against Judge Lamar for acts and omissions taken

in Judge Lamar's judicial capacity, and Hakeem seeks injunctive relief.  See Complaint ¶¶ A-C,

at 1.  Hakeem's Complaint refers to "42 U.S.C. § 1983."  Complaint ¶ 1, at 1.  If Hakeem intends

the Complaint to be a § 1983 action, the Court must dismiss the action without prejudice for failure

to state a claim upon which relief can be granted, because § 1983 provides that "in any action brought

---

[1]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court held that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct."  403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights.  See Bivens, 403 U.S. at 389; Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."   42 U.S.C. § 1983.   Hakeem does not allege that Judge Lamar violated any declaratory decree or that declaratory relief is unavailable.  Consequently, Hakeem has not stated a claim under § 1983.

**IT IS ORDERED** that: (i) Defendant Silvia Lamar's Rule 12 Motion to Dismiss, filed April 27, 2020 (Doc. 21), is granted; and (ii) this case is dismissed without prejudice pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted; and (iii) the Court will issue a separate order entering Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Shannon J. Hakeem
Santa Fe, New Mexico

        *Plaintiff pro se*
Hector Balderas
   Attorney General of the State of New Mexico
Gregory Ara Chakalian
   Assistant Attorney General
Office of the Attorney General
Santa Fe, New Mexico

- 11 -

*Attorneys for the Defendant*