IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANNON J. HAKEEM,

          Plaintiff,

vs.                                                                                    No. CIV 19-1026 JB/LF

SYLVIA LAMAR,

          Defendant.

## MEMORANDUM OPINION AND ORDER DENYING THE MOTION TO RECONSIDER

**THIS MATTER** comes before the Court on the Plaintiff's Request for Reconsideration, filed September 30, 2020 (Doc. 26)("Motion to Reconsider"). Plaintiff Shannon J. Hakeem appears pro se. For the reasons set out below, the Court will deny Hakeem's Motion to Reconsider.

## PROCEDURAL BACKGROUND

Hakeem is a party to a child custody case in New Mexico state court over which the Defendant, the Honorable Sylvia Lamar of the First Judicial District of New Mexico presides. See Plaintiff's Amended Civil Rights Complaint to Show Cause for Reconsideration of Defendants Order Denying Voluntary Recusal at 1, filed December 9, 2019 (Doc. 8)("Amended Complaint"). Hakeem filed this action in federal court, and Hakeem requests that the Court enter an order granting the following:

    A.    Peremptory change of judge under *NMRA Rule 1 088.1.* and *N.M. Stat. Ann. §38-3-9*.

    (**OR**)

    B.    Disqualification based on New Mexico's Code of Judicial Conduct, Rule 21-4003 of which indicates, in pertinent part, that a New Mexico judge

should recuse whenever her impartiality might reasonably be questioned, including when she has a personal bias concerning a party and; the deprivation of any rights, civil, political, the circumstances attending and the cause of deprivation determining the fact under; *U.S. V. Lovett*, *66 S. Ct. 1073, 1083, (1946)*

C.   An injunction in the defendant's previous rulings that amends revoking petitioners custodial rights and permitting equal time-sharing of the children.

D.   Any other relief the courts just or fit.

Amended Complaint at 21.

Judge Lamar moved to dismiss the Amended Complaint, arguing: "'[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.'" Defendant Judge Lamar's Rule 12 Motion to Dismiss at 2 (quoting Mireles v. Waco, 502 U.S. 9, 11 (1991)(per curiam)). Judge Lamar also argued that Hakeem is not entitled to the injunctive and declaratory relief he seeks, because: (i) 42 U.S.C. § 1983 provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable," and the Amended Complaint does not allege that a declaratory decree was violated or that declaratory relief is unavailable, see Motion to Dismiss at 3; and (ii) Hakeem seeks only retrospective declaratory relief, and "retrospective declaratory relief cannot be granted as '[t]he Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past,'" Motion to Dismiss at 5 (quoting Lawrence v. Kuenhold, 271 F. App'x. 763, 766 n.7 (10th Cir. 2008)(unpublished)).

Hakeem did not file a response opposing Judge Lamar's Motion to Dismiss. The docket shows that the Court mailed two documents to Hakeem on April 27, 2020: (i) Judge Lamar's Motion to Dismiss; and (ii) Plaintiff's Response to Order to Show Cause, filed April 27, 2020

(Doc. 22)("Hakeem's Response").  See Mail Returned as Undeliverable at 1, filed May 11, 2020

(Doc. 23).  The United States Postal Service ("USPS") returned the copy of Hakeem's Response to

the Court on May 11, 2020, as undeliverable with the following statement written on the envelope:

"Return to Sender, Not at this address."  Mail Returned as Undeliverable at 1. The USPS has not

returned the copy of Judge Lamar's Motion to Dismiss that the Court mailed to Hakeem.

The Court dismissed this case without prejudice, stating:

> If Hakeem intends the Complaint to be a § 1983 action, the Court must
> dismiss the action without prejudice for failure to state a claim upon which relief
> can be granted, because § 1983 provides that "in any action brought against a
> judicial officer for an act or omission taken in such officer's judicial capacity,
> injunctive relief shall not be granted unless a declaratory decree was violated or
> declaratory relief was unavailable."  42 U.S.C. § 1983.  Hakeem does not allege
> that Judge Lamar violated any declaratory decree or that declaratory relief is
> unavailable.  Consequently, Hakeem has not stated a claim under § 1983.

Hakeem v. Lamar, No. CIV 19-1026 JB\LF, 2020 WL 3542291 (D.N.M. June 30,

2020)(Browning, J.) (MOO"). The Court entered its Final Judgment on June 30, 2020.  See

Final Judgment at 1, filed November 30, 2016 (Doc. 8).

In his Motion to Reconsider, Hakeem states:

> After this matter was dismissed a hearing was held by The Honorable Judge
> LaMar where she allowed both minors to have visitation with the plaintiff Monday
> through Friday.  Additionally the mother was allowed to relocate out of the state
> with the children in August of 2020.  The Honorable Judge LaMar refused to hear
> Mr. Hakeem's objections to this matter . . . This matter being dismissed is because
> Mr. Hakeem failed to respond to The Honorable Sylvia LaMar's filing.  This filing
> was sent to Albuquerque because of an address change, Mr. Hakeem never received
> Ms. LaMar's filing . . . Mr. Hakeem, prays this court reconsider the final judgement
> and allow this case to be re-opened.

Motion to Reconsider at 1-2.

## LAW REGARDING MOTIONS TO RECONSIDER

Except where the Federal Rules of Civil Procedure specify, motions to reconsider fall into

three categories:

> (i)  a motion to reconsider filed within [twenty-eight] days of the entry of judgment is treated as a motion to alter or amend the judgment under rule 59(e);
>
> (ii)  a motion to reconsider filed more than [twenty-eight] days  after judgment is considered a motion for relief from judgment under rule 60(b); and (iii) a motion to reconsider any order that is not final is a general motion directed at the Court's inherent power to reopen any interlocutory matter in its discretion.

Pedroza v. Lomas Auto Mall, Inc., 258 F.R.D. 453, 462 (D.N.M. 2009)(Browning, J.).  See Price v. Philpot, 420 F.3d at 1167; Computerized Thermal Imaging, Inc. v. Bloomberg. L.P., 312 F.3d 1292, 1296 (10th Cir. 2002).

### 1.      Motions for Reconsideration Under Rules 59(e) and 60(b).

Courts may treat motions for reconsideration as a rule 59(e) motion when the movant files within twenty-eight days of a court's entry of judgment.  See Price v. Philpot, 420 F.3d at 1167 n.9.  If the movant files outside that time period, courts should treat the motion as seeking relief from judgment under rule 60(b).  See Price v. Philpot, 420 F.3d at 1167 n.9.  "[A] motion for reconsideration of the district court's judgment, filed within [rule 59's filing deadline], postpones the notice of appeal's effect until the motion is resolved."  Jones v. United States,  355 F. App'x 117, 121 (10th Cir. 2009)(unpublished).  The time limit in rule 59(e) is now twenty-eight days from the entry of a judgment.  See Fed. R. Civ. P. 59(e).

Whether a motion for reconsideration should be considered a motion under rule 59 or rule 60 is not only a question of timing, but also "depends on the reasons expressed by the movant." Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc., 680 F.3d 1194, 1200 (10th Cir. 2011). Where the motion "involves 'reconsideration of matters properly encompassed in a decision on the merits,'" a court considers the motion under rule 59(e). Phelps v. Hamilton, 122 F.3d 1309, 1323-24 (10th Cir. 1997)(quoting Martinez v. Sullivan, 874

F.2d 751, 753 (10th Cir. 1989)).   In other words, if the reconsideration motion seeks to alter the

district court's substantive ruling, then it should be considered a rule 59 motion and be subject to

rule 59's constraints.  See Phelps v. Hamilton, 122 F.3d at 1324.  In contrast, under rule 60,

> [o]n motion and just terms, the court may relieve a party or its legal
> representatives from a final judgment, order, or proceeding for the following
> reasons:
>
> > (1)      mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2)      newly discovered evidence that, with reasonable
> > diligence, could not have been discovered in time to move for
> > a new trial under Rule 59(b);
> >
> > (3)      fraud (whether previously called intrinsic or extrinsic),
> > misrepresentation, or misconduct by an opposing party;
> >
> > (4)      the judgment is void;
> >
> > (5)      the judgment has been satisfied, released or discharged;
> > it is based on an earlier judgment that has been reversed or
> > vacated; or applying it prospectively is no longer equitable; or
> >
> > (6)      any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Neither a rule 59 nor a rule 60 motion for reconsideration

> are appropriate vehicles to reargue an issue previously addressed by the court when
> the motion merely advances new arguments, or supporting facts which were
> available at the time of the original motion . . . . Grounds warranting a motion to
> reconsider include (1) an intervening change in the controlling law, (2) new evidence
> previously unavailable, and (3) the need to correct clear error or prevent manifest
> injustice.

Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).      "[A]      motion

for reconsideration is appropriate where the court has misapprehended the facts, a party's position,

or the controlling law."   Servants of the Paraclete v. Does, 204 F.3d at 1012.   A district court

has considerable discretion in ruling on a motion to reconsider.   See Phelps v. Hamilton, 122

F.3d at 1324.

A court cannot enlarge the time for filing a rule 59(e) motion.   See Brock v. Citizens Bank of Clovis, 841 F.2d 344, 347 (10th Cir. 1988)(holding that district courts lack jurisdiction over untimely rule 59(e) motions); Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp., No. 11-0103, 2012 WL 869000, at *2 (D.N.M. Mar. 8, 2012)(Browning, J.)("The Court may not extend the time period for timely filing motions under Rule 59(e). . . ."). "A motion under rule 59 that is filed more than 28 days after entry of judgment may be treated as a Rule 60(b) motion for relief from judgment." 12 James Wm. Moore Et. al., Moore's Federal Practice § 59.11[4][b], at 59-32 (3d ed. 2012)(citations omitted). Nevertheless, a court will not generally treat an untimely rule 59(e) motion as a rule 60(b) motion when the party is seeking "'reconsideration of matters properly encompassed in a decision on the merits' contemplated by Rule 59(e).'" Jennings v. Rivers, 394 F.3d 850, 854 (10th Cir. 2005)(quoting Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989).

Under some circumstances, parties can rely on rule 60(b)(1) for a mistake by their attorney or when their attorney acted without their authority.   See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999)("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party . . . when the party has made an excusable litigation mistake or an attorney has acted without authority"). Mistakes in this context entail either acting without the client's consent or making a litigation mistake, such as failing to file or to comply with deadlines.   See Yapp v. Excel Corp., 186 F.3d at 1231.   If the alleged incident entails a mistake, then it must be excusable, meaning that the party was not at fault.   See Pioneer Inv. Servs. v. Brunswick Assocs. LP, 507 U.S. 380, 394 (1993); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)("If the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party."); Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990)(holding that

attorney carelessness is not a basis for relief under rule 60(b)(1)).

Courts will not grant relief when the mistake of which the movant complains is the result

of an attorney's deliberate tactics. See Cashner v. Freedom Stores, Inc., 98 F.3d at 577. This rule

exists because a party

> voluntarily chose [the] attorney as his representative in the action, and he cannot
> now avoid the consequences of the acts or omissions of this freely selected agent.
> Any other notion would be wholly inconsistent with our system of representative
> litigation, in which each party is deemed bound by the acts of his lawyer agent and
> is considered to have notice of all facts, notice of which can be charged upon the
> attorney.

Pioneer Inv. Servs. v. Brunswick Assocs. LP, 507 U.S. at 397 (quoting Link v. Wabash R.R. Co.,

370 U.S. 626, 633-34 (1962))(internal quotation marks omitted).   The Tenth Circuit has held

that there is nothing "novel" about "the harshness of penalizing [a client] for his attorney's

conduct" and has noted that those "who act through agents are customarily bound," even though,

when "an attorney is poorly prepared to cross-examine an expert witness, the client suffers the

consequences." Gripe v. City of Enid, Okla., 312 F.3d 1184, 1189 (10th Cir. 2002).

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case."

Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991)(internal quotation marks

omitted). "If the reasons offered for relief from judgment could be considered under one of the

more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule

60(b)(6)."   12 Moore's Federal Practice § 60.48[2], at 60-182, (3d ed. 1999). Accord Liljeberg

v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 (1988)("This logic, of course,

extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually

exclusive.").  "The Rule does not particularize the factors that justify relief, but we have previously

noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever

such action is appropriate to accomplish justice,'" Liljeberg v. Health Servs. Acquisition Corp.,

486 U.S. at 863-64 (quoting <u>Klapprott v. United States</u>, 335 U.S. 601, 614-15 (1949)), "while also cautioning that it should only be applied in 'extraordinary circumstances,'" <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. at 864 (quoting <u>Ackermann v. United States</u>, 340 U.S. 193, 193 (1950)).

Generally, the situation must be one beyond the control of the party requesting relief under rule 60(b)(6) to warrant relief. <u>See Ackermann v. United States</u>, 340 U.S. 193, 202 (1950)("The comparison [of prior precedent] strikingly points up the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence.   Subsection 6 of Rule 60(b) has no application to the situation of petitioner."). Legal error that provides a basis for relief under rule 60(b)(6) must be extraordinary, as the Tenth Circuit discussed in <u>Van Skiver v. United States</u>:

> The kind of legal error that provides the extraordinary circumstances justifying relief under Rule 60(b)(6) is illustrated by <u>Pierce</u> [v. Cook & Co., 518 F.2d 720, 722 (10th Cir. 1975)(en banc)].  In that case, this court granted relief under 60(b)(6) when there had been a post-judgment change in the law "arising out of the same accident as that in which the plaintiffs . . . were injured." <u>Pierce v. Cook & Co.</u>, 518 F.2d at 723. However, when the post-judgment change in the law did not arise in a related case, we have held that "[a] change in the law or in the judicial view of an established rule of law" does not justify relief under Rule 60(b)(6). <u>Collins v. City of Wichita</u>, 254 F.2d 837, 839 (10th Cir. 1958).

 <u>Van Skiver v. United States</u>, 952 F.2d at 1244-45.

### 2. <u>Motions to Reconsider Interlocutory Orders</u>.

Considerable confusion exists regarding the proper standard for a district court to apply when ruling on a motion to reconsider one of its prior "interlocutory" or "interim" orders, <u>i.e.</u>, an order that a district court issues while the case is ongoing, as distinguished from a final judgment. This confusion originates from the fact that the Federal Rules of Civil Procedure do not mention motions to reconsider, let alone set forth a specific procedure for filing them or a standard for

analyzing them.  A loose conflation in terminology in <u>Servants of the Paraclete v. Does</u>, which refers to rule 59(e) motions -- "motion[s] to alter or amend a <u>judgment</u>" -- as "motions to reconsider,"[1] compounds that baseline confusion. Fed. R. Civ. P. 59(e) (emphasis added), <u>Servants of the Paraclete v. Does</u>, 204 F.3d at 1005.

Final judgments are different from interlocutory orders. <u>See</u> Fed. R. Civ. P. 54(a)("'Judgment' as used in these rules includes a decree and any order <u>from which an appeal lies</u>.")(emphasis added).   In addition to ripening the case for appeal, <u>see</u> 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts"), the entry of final judgment narrows the district court's formerly plenary jurisdiction over the case in three ways.  First, for the first twenty-eight days after the entry of judgment, when the court can entertain motions under rules 50(b), 52(b), 59, and 60, the district court's jurisdiction

---

[1]The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the United States Court of Appeals for the Tenth Circuit, who authored <u>Servants of the Paraclete v. Does</u>, refers to rule 59(e) motions as "motions to reconsider" several times throughout the opinion. <u>See</u>, <u>e.g.</u>, 204 F.3d at 1005. He uses the term "motion to reconsider" as an umbrella term that can encompass three distinct motions: (i) motions to reconsider an interlocutory order, which no set standard governs, save that the district court must decide them "before the entry of . . . judgment," Fed. R. Civ. P. 54(b); (ii) motions to reconsider a judgment made within twenty-eight days  of the  entry  of judgment, which the <u>Servants of the Paraclete v. Does</u> standard governs; and motions to reconsider a judgment made more than twenty-eight days after the entry of judgment, which rule 60(b) governs.  There is arguably a fourth standard for motions to reconsider filed more than a year after the entry of judgment, as three of the rule 60(b) grounds for relief expire at that point.

Much confusion could be avoided by using the term "motion to reconsider" exclusively to refer to the first category, "motion to amend or alter the judgment" exclusively to refer to the second category, and "motion for relief from judgment" exclusively to refer to the third category (and arguable fourth category).  These are the terms that the Federal Rules of Civil Procedure -- and other Courts of Appeals -- use to describe (ii) and (iii).  The Court agrees with Judge  Kelly-- and all he likely meant by using motion to reconsider as an umbrella term is -- that, if a party submits a motion captioned as a "motion to reconsider" after an entry of final judgment, the court should evaluate it under rule 59(e) or 60(b), as appropriate,  rather  than  rejecting it as  untimely or inappropriate.

trumps that of the Court of Appeals.  See Fed. R. App. P. 4(a)(4)(B).  Even if a party files a notice

of appeal, the Court of Appeals will wait until after the district court has ruled on the post-judgment

motion to touch the case.  See Fed. R. App. P. 4(a)(4)(B).  Second, after twenty-eight days, when

the court may consider motions under rule 60, if a party has filed a notice of appeal, the Court of

Appeals' jurisdiction trumps the district court's jurisdiction, and the district court needs the court

of appeals' permission even to grant a rule 60 motion.  See Fed. R. App. P. 4(a)(4)(B).  Third, after

twenty-eight days, if no party has filed a notice of appeal, district courts may consider motions

under rule 60.  See Fed. R. App. P. 4(a)(4)(B).

Final judgments implicate two important concerns militating against giving district courts

free reign to reconsider their judgments. When a case is not appealed, there is an interest in finality.

The parties and the lawyers expect to go home, quit obsessing about the dispute, and  put the case

behind them, and the final judgment -- especially once the twenty-eight day window of robust

district court review and the thirty-day window of appeal have both closed -- is the disposition

upon which they are entitled to rely.  Second, when a case is appealed, there is the need for a clean

jurisdictional handoff from the district court to the Court of Appeals.  "[A] federal district court

and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously,"

as doing so produces a "danger [that] a district court and a court of appeals w[ill] be simultaneously

analyzing the same judgment."  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59

(1982).

The Court of Appeals needs a fixed record on which to base its decisions -- especially given

the collaborative nature of appellate decision making -- and working with a fixed record requires

getting some elbow room from the district court's continued interference with the case. The

"touchstone document" for this jurisdictional handoff is the notice of appeal, and not the final

judgment.   Griggs v. Provident Consumer Discount Co., 459 U.S. at 58 ("The filing of a notice

of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals

and divests the district court of its control over those aspects of the case involved in the appeal."

(citations omitted)); Garcia v. Burlington N. R.R. Co., 818 F.2d 713, 721 (10th Cir. 1987)("Filing

a timely notice of appeal pursuant to Fed. R. App. P. 3 transfers the matter from the district court

to the court of appeals.  The district court is thus divested of jurisdiction.  Any subsequent action

by it is null and void." (citations omitted)); Kirtland v. J. Ray McDermott & Co., 568 F.2d  1166,

1170 (5th Cir. 1978)("[I]t is the filing of the appeal, not the entering of a final judgment, that

divests the district court of jurisdiction." (citations omitted)).  Because the final judgment starts

the parties' thirty-day clock for filing a timely notice of appeal, however, the Federal Rules and

the Tenth Circuit have chosen to curtail the district court's jurisdiction over the case in the roughly

month-long  period  of  potentially  overlapping  trial-  and  appellate-court  jurisdiction  that

immediately follows the entry of final judgment.  See Servants of the Paraclete v. Does, 204 F.3d

at 1009 (noting that post-final judgment motions at the district court level are "not intended to be

a substitute for direct appeal").

Basically, rather than suddenly divesting the district court of all jurisdiction over the  case

-- potentially resulting in the district court being unable to rectify easily fixable problems with the

final judgment before the case goes to the Tenth Circuit or even requiring appeal of a case that

might otherwise not need to be appealed -- the Federal Rules set forth a jurisdiction phased de-

escalation process, wherein the district court goes from pre-final judgment plenary jurisdiction, to

limited review for the first twenty-eight days post-final judgment, and, finally, to solely rule 60

review after twenty-eight days.  In defining the "limited review" that rule 59(e) allows a district

court to conduct in the twenty-eight-day flux period, the Tenth Circuit, in Servants of the Paraclete

v. Does, incorporated traditional law-of-the-case grounds -- the same grounds that inform whether

a court should depart from an appellate court's prior decision in the same case -- into rule 59(e).

See United States  v. Alvarez, 142  F.3d 1243,  1247 (10th Cir. 1998)(departing from the law-of-

the-case doctrine in three exceptionally narrow circumstances: "(1) when the evidence in a

subsequent trial is substantially different; (2) when controlling authority has subsequently made a

contrary decision of the law applicable to such issues; or (3) when the decision was clearly

erroneous and would work a manifest injustice")(citation omitted); Servants of the Paraclete v.

Does, 204 F.3d at 1012 (incorporating those three grounds into rule 59(e)).

Neither of these concerns -- finality nor jurisdictional overlap -- is implicated when a

district court reconsiders one of its own interlocutory orders. The Federal Rules do not mention

specifically motions to reconsider interlocutory orders, but rule 54(b) makes the following open-

ended proclamation about their mutability:

> When an action presents more than one claim for relief -- whether as a claim,
> counterclaim, crossclaim, or third-party claim  -- or when multiple parties
> are involved, the court may direct entry of a final judgment as to one or more,
> but fewer than all, claims or parties only if the court expressly determines that
> there is no just reason for delay. Otherwise, any order or other decision,
> however designated, that adjudicates fewer than all the claims or the rights and
> liabilities of fewer than all the parties does not end the action as to any of the
> claims or parties and may be revised at any time before the entry of a judgment
> adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Rule 54(b) thus (i) provides that a district court can freely reconsider its prior

rulings; and (ii) puts no limit or governing standard on the district court's ability to do so, other

than that it must do so "before the entry of judgment." Fed. R. Civ. P.  54(b).

The Tenth Circuit has not cabined district courts' discretion beyond what rule 54(b)

provides: "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."

Been v. O.K. Indus., 495 F.3d at 1225.  In the Tenth Circuit, "law of the case doctrine has no

bearing on the revisiting of interlocutory orders, even when a case has been reassigned from one judge to another." Rimbert v. Eli Lilly & Co., 647 F.3d 1247, 1252 (10th Cir. 2011)(emphasis added)(citing Been v. O.K. Indus., Inc., 495 F.3d at 1225).   In this context, "the doctrine is merely a 'presumption, one whose strength varies with the circumstances.'"   Been v. O.K. Indus., Inc., 495 F.3d at 1225 (quoting Avitia v. Metro. Club of Chi., Inc., 49 F.3d 1219, 1227 (7th Cir. 1995)). In short, a district court can select the standard of review for a motion to reconsider an interlocutory order.  It can: (i) review the earlier ruling de novo and essentially reanalyze the earlier motion from scratch; (ii) review the ruling de novo but limit its review; (iii) require parties to establish one of the law-of-the-case grounds; or (iv) refuse to entertain motions to reconsider altogether.

The best approach, in the Court's eyes, is to analyze motions to reconsider differently depending on three factors.   Cf. Been v. O.K. Indus., Inc., 495 F.3d at 1225 ("[T]he doctrine is merely a 'presumption, one whose strength varies with the circumstances.'")(quoting Avita v. Metro. Club of Chicago, Inc., 49 F.3d 1219, 1227 (7th Cir. 1995)).   First, the Court should restrict its review of a motion to reconsider a prior ruling in proportion to how thoroughly the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenges.  How thoroughly the Court addressed a point depends both on the amount of time and energy the Court spent on it, and on the amount of time and energy the parties spent on it -- in briefing and orally arguing the issue, but especially if they developed evidence on the issue. A movant for reconsideration thus faces a steeper uphill challenge when the prior ruling was on a criminal suppression motion, class certification motion, or preliminary injunction,[2] than when the

---

[2]The Court typically makes findings of fact and conclusions of law in ruling on these motions.  At first glance, it appears that the Federal Rules of Civil Procedure set forth additional standards -- beyond that which applies to other interlocutory orders -- for amending findings of fact and conclusions of law: "Amended or Additional Findings. On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings -- or make

prior ruling is, e.g., a short discovery ruling.  The Court should also look, not to the prior

ruling's overall thoroughness, but to the thoroughness with which the court addressed the exact

point or points that the motion to reconsider challenges.  A movant for reconsideration thus faces an

easier task when he or she files a targeted, narrow-in-scope motion asking the Court to

reconsider a small, discrete portion of its prior ruling than when he or she files a broad motion to

reconsider that rehashes the same arguments from the first motion, and essentially asks the Court

to grant the movant a mulligan on its earlier failure to present persuasive argument and evidence.

Second, the Court should consider the case's overall progress and posture, the motion for

reconsideration's timeliness relative to the ruling that it challenges, and any direct evidence the

parties may produce, and use those factors to assess the degree of reasonable reliance that the

opposing party has placed in the court's prior ruling.   See 18B Charles Alan Wright, Arthur R.

Miller, Edward H. Cooper, Vikram David Amar, Richard D. Freer, Helen Hershkoff, Joan E.

Steinman & Catherine T. Struve, Federal Practice & Procedure § 4478.1, at 695-96 (2d ed.

2002)("Stability becomes increasingly important as the proceeding nears  final  disposition.

Reopening should be permitted, however, only on terms that protect against reliance on the

earlier ruling.").  For example, if a defendant (i) spends tens of thousands of dollars removing

---

additional findings -- and may amend the judgment accordingly.   The motion may accompany
a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b).  This rule appears to limit motions
to reconsider orders with findings of fact and conclusions of law to twenty-eight days. The rule's
use of the term "entry of judgment," its reference to rule 59, and its adoption of the same time
period that applies to motions to alter or amend a judgment, all lead the Court to conclude,
however, that rule 52(b) -- and its twenty-eight-day time limit -- does not apply to interlocutory
orders. The time limit applies only to findings of fact and conclusions of law supporting a case-
ending judgment -- such as those entered after a bench trial -- and to those giving rise to an
interlocutory appeal that, if filed, divests the district court of its jurisdiction -- such as those
entered in support of a preliminary injunction.

legacy computer hardware from long-term storage; then (ii) obtains a protective order in which the court decides that the defendant need not produce the hardware in discovery; then (iii) returns the hardware to long-term storage, sustaining thousands more in expenses; and several months pass, then the plaintiffs should face a higher burden in moving the Court to reconsider its prior ruling that they faced in fighting the motion for protective order the first time.  Third, the Court should consider the Servants of the Paraclete v. Does grounds.  See  Servants of the Paraclete v. Does, 204 F.3d at 1012.  The Court should be more inclined to grant motions for reconsideration if the movant presents (i) new controlling authority -- especially if the new authority overrules prior law or sets forth an entirely new analytical framework; (ii) new evidence -- especially if the movant has a good reason why the evidence was not presented the first time around; or (iii) a clear indication -- one that manifests itself without the need for in-depth analysis or review of the facts -- that the court erred.

These three factors should influence the degree to which the Court restricts its review of a prior ruling, but they do not necessarily mean that the Court should always apply a deferential standard of review. The Court should pause before applying a standard of review to its own interlocutory orders that is more deferential than the standard that the Court of Appeals will apply to it unless the Court concludes that the alleged error in the prior ruling was harmless, or the party moving for reconsideration waived the right to appeal the alleged error by not raising the appropriate argument. See Lopez v. Delta Int'l Mach. Corp., 312 F. Supp. 3d 1115, 1142 (D.N.M. 2018), aff'd sub nom, Lopez v. Stanley Black & Decker, Inc., 764 F. App'x 703 (10th Cir. 2019).  Even in circumstances where the Court concludes that it is insulated from reversal on appeal, there are principled reasons for applying a de novo standard. After all, if the Court was wrong in its earlier decision, then, generally speaking, it is unjust to maintain that result --although

the Court should weigh this injustice against any injustice that would result from upending the

parties' reliance on the earlier ruling, which is the balancing test that the three factors above

represent.

What the Court means by "restricting its review" is less about applying a deferential

standard of review -- although that may be appropriate in some circumstances -- and more about

reducing (i) the depth of the Court's analysis the second time around -- thus conserving judicial

resources; and (ii) the impositions that relitigation of the prior ruling will impose on the party

opposing the motion for reconsideration. The Court should consider the time and expense that the

party opposing reconsideration spent in winning the earlier ruling, and should try to prevent that

party from having to bear the same impositions again.  Basically, even if the Court ultimately

analyzes a motion to reconsider under the same standard that it analyzed the motion that produced

the earlier ruling, it should analyze the motion in a different way -- one focused on reducing the

litigation burdens of the party opposing reconsideration.  For example, when a party moves the

court for a preliminary  injunction,  standard  practice  is  that  the  Court  holds an evidentiary

hearing as a matter of course, regardless whether it looks as if the party has a good chance of

prevailing.  If the party loses and the Court denies the injunction, however, and the party moves

for reconsideration, the party should not be entitled to the presumption of an evidentiary hearing

merely because he or she received that presumption the first time that the Court considered the

motion.

In light of these statements, it is perhaps better to characterize the increased burden that a

movant for reconsideration faces as one of production and not of persuasion.  The Court analyzes

motions to reconsider by picking up where it left off in the prior ruling -- not by starting anew.

Parties opposing reconsideration can do the same, and they may stand on whatever evidence and

argument they used to win the earlier ruling. Movants for reconsideration, on the other hand, carry the full burden of production: they must persuade the Court, using only the evidence and argument they put before it, that it should change its prior ruling; they must do all of the legwork, and not rely on the Court to do any supplemental fact-finding or legal research; and they must convincingly refute both the counterarguments and evidence that the opposing party used to win the prior ruling and any new arguments and evidence that the opposing party produces while opposing the motion to reconsider. Unlike the motion that produced the prior ruling, a motion to reconsider is not -- and is not supposed to be -- a fair fight procedurally. The deck is stacked against a movant for reconsideration, and if such a movant hopes to prevail, he or she must have not only a winning legal position, but the work ethic and tenacity to single-handedly lead the court to his or her way of thinking.

## ANALYSIS

Hakeem asks the Court to reconsider its prior ruling, and "prays this court reconsider the final judgement and allow this case to be re-opened." Motion to Reconsider at 2. Hakeem does not present sufficient grounds for the Court to change its Order dismissing this case. See Servants of the Paraclete v. Does, 204 F.3d at 1012 ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.").

Hakeem does not argue that there has been an intervening change in the controlling law. See Motion to Reconsider at 1-X. Nor does he argue that there is new evidence previously unavailable. See Motion to Reconsider at 1-X. Hakeem appears to argue that the Court should reconsider its dismissal of this case because Judge Lamar ruled, after this case was dismissed, that "the mother was allowed to relocate out of the state with the children." Motion to Reconsider at

2.  Hakeem has not, however, argued that the Court's dismissal of this case was clearly erroneous.

See Motion to Reconsider at 2.  Consequently, Hakeem has not shown that reconsideration is

warranted.  Moreover, the Court has reviewed the docket of this case and is convinced that its

MOO  is correct, and, even if the Court reconsidered its prior work, it would reach the same result.

See MOO at 9-10.

     **IT IS ORDERED** that the Plaintiff's Request for Reconsideration, filed September 30,

2020 (Doc. 26), is denied.

                                             _____

                                            UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Shannon J. Hakeem
Santa Fe, New Mexico

     *Plaintiff pro se*

Hector Balderas
  Attorney General of the State of New Mexico
Gregory Ara Chakalian
  Assistant Attorney General
Office of the Attorney General Santa Fe, New Mexico

     *Attorneys for the Defendant*